38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas John REED, Defendant-Appellant.
 No. 93-6178.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Thomas John Reed pled guilty to one count of bank fraud in violation of 18 U.S.C. Sec. 1344. Pursuant to the Victim and Witness Protection Act ("VWPA") and in accordance with the plea agreement, the District Court awarded restitution in the amount of $5952.95. On appeal, defendant argues that the court erred by imposing restitution greater than the loss attributable to his offense of conviction. For the following reasons, we affirm.
 
 I.
 
 2
 On March 10, 1993, defendant was indicted on four counts of bank fraud in violation of 18 U.S.C. Sec. 1344. The indictment alleged that Reed defrauded four different banking institutions in Northern Kentucky in January 1993 and February 1993. On May 17, 1993, defendant pled guilty to Count One of the indictment. The loss attributable to Count One was $1942. The total loss to the banks from the fraud alleged in all four counts was $5952.95. Defendant's plea agreement stated that "[t]he Court may order, pursuant to Title 18, United States Code, Section 3663 [the VWPA], in addition to or in lieu of any other penalty authorized by law, that the defendant make full restitution, in the amount of $5952.95, due and payable immediately." At defendant's rearraignment hearing, defendant confirmed that he understood the plea agreement. The presentence investigation report recommended full restitution in the amount of $5952.95, and the District Court ordered the restitution. Defendant did not object to either the presentence investigation report or the restitution order, and, therefore, this Court reviews only for plain error.
 
 II.
 
 3
 Defendant concedes that the District Court ordered the amount of restitution stated in the plea agreement. Nevertheless, defendant, citing Hughey v. United States, 495 U.S. 411 (1990), argues that the VWPA limits the amount of restitution a court can impose to the loss caused by the offense of conviction. After Hughey, however, Congress amended the VWPA to allow courts to impose restitution "in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. Sec. 3663(a)(3). This amendment became effective on November 29, 1990, well before defendant's offense was committed. See United States v. Jewett, 978 F.2d 248, 252 (6th Cir.1992). Defendant's argument, therefore, is without merit.
 
 III.
 
 4
 Accordingly, the District Court's judgment is AFFIRMED.